# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

VERNON ELIJAH CREWS, )
)
    Petitioner, )
)
v. )
) Case No. CV 411-277
ROBERT TOOLE, Warden, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Respondent moves to dismiss Vernon Elijah Crews's 28 U.S.C. § 2254 habeas petition as untimely. Doc. 11. Once convicted, a defendant who wants to preserve the federal habeas option must diligently press for relief through available direct and collateral appeal processes. The one-year federal limitations clock is stopped so long as he does that. 28 U.S.C. § 2244(d)(2). Dropping that ball can be fatal. *Hutchinson v. Florida*, ___ F.3d ___, 2012 WL 1345599 at * 1 (11th Cir. Apr. 19, 2012); *Everett v. Barrow*, 2012 WL 1355585 at * 2-3 (S.D. Ga. Apr. 18, 2012) (petition time-barred, and no equitable tolling for a petitioner who failed to inquire about the status of his case, even assuming his attorney

abandoned him; distinguishing *Maples v. Thomas*, 565 U.S. \_\_, 132 S.Ct. 912, 923 (2012)).

Crews dropped the ball here. The state illuminates multiple time gaps, most notably the more than *three years* that elapsed between an adverse state habeas court's ruling on January 29, 2008 and the November 2, 2011 date on which he filed this § 2254 petition. Doc. 11-1 at 5. Impliedly invoking equitable tolling, Crews seeks to explain away that multi-year delay by citing his *pro se* status and difficulty in accessing prison legal-research sources. Doc. 13. He attests to his prison library's paucity of book-based and other legal resources. Doc. 14. In short, petitioner cites only systemic impediments plus his lack of legal training.

But he does not dispute the state's time calculations. Nor does he cite to any effort to file even a placeholder petition, coupled with a request for legal assistance, during that time. Nor, finally, does petitioner cite any precedent showing that such general impediments as he describes supply the equitable tolling so poignantly denied in *Hutchinson*, 2012 WL 1345599 at * 1 (counsel's miscalculation of filing deadline for death-sentenced petitioner's state collateral petition was merely a garden variety case of excusable neglect, and petitioner waited

2

nearly four years before filing his *pro se* federal petition); *see also id.* at * 6 (concurrence: "The majority's suggestion that Hutchinson should have filed a placeholder *pro se* habeas petition is simply not logical when Hutchinson was represented by lawyers who were assuring him that his claims were being pursued.").

Equitable tolling, it must be remembered, "is a *rare* and extraordinary remedy." *Doe v. United States*, 2012 WL 1138779 at * 1 (11th Cir. Apr. 6, 2012) (emphasis added). And indolence can cost. *Everett*, 2012 WL 1355585 at * 2-3. Indolence drove the delay here. Accordingly, Vernon Elijah Crews's 28 U.S.C. § 2254 habeas petition should be **DISMISSED**.

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an

3

appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 2nd day of May, 2012.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA